UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DUANE LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12CV 1 LMB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In this action, Plaintiff Duane Lyons seeks judicial review of an adverse ruling by the Social Security Administration ("SSA") on his application for a Period of Disability and Disability Insurance Benefits pursuant to Title II of the Social Security Act. The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). Presently pending before the court is Defendant's Motion to Dismiss With Suggestions in Support. (Doc. No. 10). Plaintiff has filed a Response (Doc. No. 11), and defendant has filed Reply. (Doc. No. 12).

## BACKGROUND

In a letter dated November 1, 2010, the Commissioner advised plaintiff that an initial determination had been made denying his application for benefits. See Def's Ex. 1, Declaration of Marian Jones, p. 2-3. The Commissioner also informed plaintiff that he had sixty days in which to request a hearing, and that the sixty-day period started the day after he received the letter. Id. Plaintiff was informed that the Commissioner assumes he received the letter five days after the

date on it unless he shows the Commissioner that he did not receive it within the five-day period. Id. Finally, the Commissioner advised plaintiff that he had to request a hearing in writing, and that he would need a good reason for waiting more than sixty days to submit his request. Id.

On January 18, 2011, plaintiff filed his request for a hearing. See Def's Ex. 2.

On April 18, 2011, an Administrative Law Judge ("ALJ") issued an Order of Dismissal dismissing plaintiff's request for a hearing because it was filed more than 65 days after the date of the notice of initial determination, and plaintiff had not established that he did not receive the determination within five days of this date. See Def's Ex. 3. The ALJ stated that plaintiff's representative alleges that plaintiff missed the deadline to request a hearing because of "lack of transportation," and due to his "responsibilities related to his foster daughter's medical care treatments." Id. The ALJ indicated that he considered this explanation and found that plaintiff had not established good cause for missing the deadline to request a hearing. Id.

On June 10, 2011, plaintiff filed a request for review of the ALJ's Order of Dismissal. See Def's Ex. 4.

On November 4, 2011, the Appeals Council denied plaintiff's request for review of the Order of Dismissal. See Def's Ex. 5.

On January 5, 2012, plaintiff filed his Complaint in the instant action. (Doc. No. 1).

Defendant argues in his motion to dismiss that because plaintiff failed to timely request a hearing in this matter and failed to exhaust his administrative remedies, this court does not have subject matter jurisdiction over this case.

In his Response to defendant's motion, plaintiff argues that defendant's motion should be

denied because plaintiff has diligently pursued his benefits.

## **DISCUSSION**

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) and United States v. Sherwood, 312 U.S. 584, 586-87(1941)). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be obtained. Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958). 42 U.S.C. § 405(g) and (h) provide the exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and Title XVI. Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the Commissioner of Social Security and includes a 60-day statute of limitations for seeking such review. In particular, § 405(g) provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). In addition, § 405(h) provides:

> [n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

Whether the district court has jurisdiction over the subject matter of this case depends on

whether the actions taken by the Commissioner constitute a "final decision." The Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 766 (1975) stated:

> The requirement [of a final decision] is...something more than simply a codification of the judicially developed doctrine of exhaustion...The term "final decision" is not only left undefined by the Act, but its meaning is left to the [Commissioner] to flesh out by regulation...The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration.

The regulations provide that the claimant for benefits first receives an initial determination. See 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may request reconsideration. See 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. See 20 C.F.R. § 404.929.

Here, plaintiff received an unfavorable initial determination. The notice explained to him that if he disagreed with the Commissioner's determination, he had sixty days in which to request a hearing and that the sixty-day period started the day after he received the letter. Plaintiff failed to request a hearing within the required time frame. The ALJ denied plaintiff's request for a hearing on the basis that the request was untimely, and that plaintiff had failed to establish good cause for missing the deadline. The Appeals Council found no reason to review the ALJ's dismissal. No hearing was held in plaintiff's claim.

The ALJ's dismissal of plaintiff's hearing request is not a 'final decision' subject to judicial review. See Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995) ("the Secretary's determination of no good cause to extend the period for appeal...is not subject to judicial review under § 405(g)"); Smith v. Heckler, 761 F.2d 516, 519 (8th Cir. 1985) (Appeals Council's dismissal of plaintiff's untimely request for review was not a final action for purposes of review under section

205(g)). Because plaintiff's request for a hearing was denied as untimely, there is no final decision subject to review by this court, and plaintiff did not exhaust his administrative remedies.

When actions of the Commissioner are challenged on colorable constitutional grounds that are collateral to the substantive claim for benefits, the requirement of exhaustion of remedies is waivable by the court. See Gipson v. Harris, 633 F.2d 120, 122 (8th Cir. 1980).

Plaintiff raises no such constitutional claim. Rather, plaintiff contends that the court should excuse his failure to file a timely request for a hearing due to his lack of transportation and the illness of a foster child. Plaintiff points out that 20 C.F.R. §§ 404.911(b)(2) and 416.1411(b)(2) provide that "a death or serious illness in your immediate family" may be good cause for missing a deadline to request review. Plaintiff, however, does not explain how his foster daughter's medical condition prevented him from making a timely written request for a hearing or for more time in which to request a hearing. See 20 C.F.R. § 404.933(c) (providing for extensions of time to request a hearing).

If the court were free to do so, it would be inclined to find that the claimant has stated good cause for an extension of time to request a hearing before an A administrative Law Judge. The claimant alleged that he had missed the deadline to request a hearing because of his "responsibilities related to his foster daughter's medical care treatments." (Document #10, Exhibit #4). The claimant's affidavit supports his statement.

However, because Mr. Lyons's request for a hearing was untimely and the Administrative Law Judge issued an Order of Dismissal of Mr. Lyons's request and the Appeals Council denied the claimant's request for review of the Order of Dismissal, the court does not have subject matter

jurisdiction over this case. This court must follow the decisions of the Eighth Circuit Court of Appeals. See Boock v. Shalala, supra; Smith v. Heckler, supra; Turner v. Bowen, 862 F.2d 708, 709-710 (8th Cir. 1988). See also Ogbe v. Astrue, 2010 WL 6463875*2+ (D.Minn. 2010). In accordance with those decisions, there is no final decision subject to review by this court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 10) be and it is **granted**.

A separate Judgment shall accompany this Memorandum and Order.

*/s/ Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of January, 2013.